IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-452-D-2 |
| ) | |
| JACOB ALAN KING, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

Before the Court is the government's Motion for a Preliminary Order of Forfeiture [Doc. No. 92]. Under Federal Rule of Criminal Procedure 32.2, and based upon the evidence already in the record, including Defendant Jacob Alan King's plea of guilty, the Court makes the following determinations:

As a result of his guilty plea entered on March 20, 2025, to Counts 2 and 3 of the Indictment filed on October 15, 2024 [Doc. No. 1], in which the government sought forfeiture, Defendant Jacob Alan King shall forfeit to the United States any firearms and ammunition involved in the commission of the offense, including, but not limited to, the following:

      a.    a Smith & Wesson, model SD40 VE, .40 caliber pistol, bearing serial number FDU8580;

      b.    a Radical Firearms, model FR-15, multi-caliber rifle, bearing serial number 2-002776;

      c.    a Smith & Wesson, model SD9, 9mm caliber pistol, bearing serial number FDW4308;

   d.   an Arms Corp. of the Philippines (Rock Island Armory), model M1911 A1-FS, .45 caliber pistol, bearing serial number RIA2370665;

   e.   a FMK Firearms, model 9C1 G2, 9mm caliber pistol, bearing serial number BB25074; and

   f.   any and all ammunition and magazines not specifically listed.

The Court has determined, based on Defendant's plea, that the above specific property (hereinafter the "Subject Property") is subject to forfeiture pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between the Subject Property and the offenses to which Defendant pled guilty.

The entry of this Preliminary Order of Forfeiture authorizes the United States Attorney General (or a designee) to seize the Subject Property or to take any actions allowed under FED. R. CRIM. P. 32.2(b)(3). The entry of this Preliminary Order of Forfeiture also authorizes the United States to commence any applicable proceedings to comply with 21 U.S.C. § 853(n) governing third-party rights, including giving notice of this Order.

The United States shall publish on the government's official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this order and notice of the intent of the United States to dispose of the Subject Property in such a manner as the Attorney General may direct. The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to 21 U.S.C. § 853(n)(1).

The government's notice must comply with FED. R. CRIM. P. 32.2(b)(6). Because the Court orders the forfeiture of specific property, the United States must publish notice of this order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

Any person, other than Defendant Jacob Alan King, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice under 21 U.S.C. § 853(n)(1), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2)–(6).

Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Jacob Alan King at sentencing—or before sentencing if Defendant consents—and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture Order, directly or by reference, in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)(3).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none are asserted, following the expiration of the period provided in 21 U.S.C. § 853(n), for the filing of third-party petitions, pursuant to 21 U.S.C. § 853(n)(7).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to FED. R. CRIM. P. 32.2(e).

**IT IS SO ORDERED** this 27th day of May, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge